UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

13 CV 5802

Civil Action No.

METROPCS NEW YORK LLC and
CHOSEN REALTY CORP.,

Plaintiffs-Respondents,

-against-

PEERLESS INSURANCE COMPANY,
THE NETHERLANDS INSURANCE COMPANY
and EXCELSIOR INSURANCE COMPANY,

Defendants-Petitioners.

-------------------------------------------------------------------x

JUDGE BRICCETTI

**NOTICE OF REMOVAL**

RECEIVED
AUG 19 2013
U.S.D.C. S.D.N.Y.
CASHIERS

**M A D A M S/S I R S:**

Defendants-Petitioners PEERLESS INSURANCE COMPANY ("Peerless"),

NETHERLANDS INSURANCE COMPANY s/h/a THE NETHERLANDS INSURANCE

COMPANY ("Netherlands"), and EXCELSIOR INSURANCE COMPANY ("Excelsior"),

by their attorneys, JAFFE & ASHER LLP, respectfully allege as follows:

1.      On or about July 8, 2013, Plaintiffs-Respondents METROPCS NEW

YORK LLC ("Metropcs") and CHOSEN REALTY CORP ("Chosen") commenced an

action entitled Metropcs New York LLC and Chosen Realty Corp. v. Peerless Insurance

Company, The Netherlands Insurance Company, and Excelsior Insurance Company, Index

No. 60236/13, in the Supreme Court of the State of New York, County of Westchester,

by the filing of a Summons and Complaint.  A copy of the Summons and Complaint is

annexed hereto as Exhibit "1".

1

2.     On or about July 23, 2013, Peerless, Netherlands, and Excelsior were first served with a copy of the Summons and Complaint.

3.     The Complaint five (5) causes of action, all of which related to claims for insurance coverage under insurance policies purportedly issued by the defendants, pursuant to which plaintiffs seek a defense and indemnity for an underlying action entitled Drew Shwartz v. Chosen Realty Corp., Metro PCS, et al., Index No. 1070/11, which was commenced in the Supreme Court of the State of New York, County of Westchester.

4.     The Notice of Removal is being filed by Peerless, Netherlands, and Excelsior within thirty (30) days of the service of the Summons and Complaint and is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

5.     Peerless, Netherlands, and Excelsior's time to answer, move, or otherwise respond to the Complaint has not expired.

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and plaintiffs-respondents and defendants-petitioners are citizens of different states.

7.     Upon information and belief, at all relevant times, Metropcs was, and still is, a limited liability company organized under the laws the State of Delaware, with its principal place of business located at 5 Skyline Drive, Hawthorne, New York.

8.     The identities of the members of Metropcs are unknown to defendants-petitioners; however, upon information and belief, all members of Metropcs are diverse with all defendants-petitioners.

9.     Upon information and belief, at all relevant times, Chosen was, and still is, a corporation organized under the laws the State of New York, with its principal place of business located at 625 Cortland Avenue, Mamaroneck, New York.

10.     At all relevant times, Peerless was, and still is, a stock insurance company organized under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

11.     At all relevant times, Netherlands was, and still is, a stock insurance company organized under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

12.     At all relevant times, Excelsior was, and still is, a stock insurance company organized under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

13.     Written notice of the filing of the Notice of Removal shall be given to adverse parties, and defendants-petitioners shall file the notice with the Clerk of the Supreme Court of the State of New York, County of Westchester, as required by law.

14.     Defendants-petitioners have not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

15.     No previous application for the relief requested herein has heretofore been made.

**WHEREFORE,** defendants-petitioners PEERLESS INSURANCE

COMPANY, NETHERLANDS INSURANCE COMPANY s/h/a THE NETHERLANDS

INSURANCE COMPANY, and EXCELSIOR INSURANCE COMPANY respectfully

request that this action be removed to this Court.

Dated: New York, New York
      August 16, 2013

<div style="margin-left:40%">

Yours, etc.,

JAFFE & ASHER LLP

By: _____
    Marshall T. Potashner, Esq. (MTP-3552)
Attorneys for Defendants-Petitioners
PEERLESS INSURANCE COMPANY,
NETHERLANDS INSURANCE
COMPANY s/h/a THE NETHERLANDS
INSURANCE COMPANY, and
EXCELSIOR INSURANCE COMPANY
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

</div>

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

........................................................................

METROPCS NEW YORK LLC and CHOSEN
REALTY CORP.,

                    Plaintiffs,

      - against -

PEERLESS INSURANCE COMPANY, THE
NETHERLANDS INSURANCE COMPANY
and EXCELSIOR INSURANCE COMPANY,

                    Defendant.

........................................................................

Index No. _60236/13_

Date Purchased: _7/8/13_

**SUMMONS**_____

Plaintiffs Designate WESTCHESTER
COUNTY as the place of trial.

The basis of venue is both Plaintiffs
maintain principal places of business in
Westchester County.

*Jas*
*7/23/13*

To the above-named Defendants:

       You are hereby summoned to answer the Complaint of Plaintiffs MetroPCS New

York LLC and Chosen Realty Corp., a copy of which is herewith served upon you, and to serve

copies of your answer upon the Plaintiffs' attorneys at their address set forth below.

       If this Summons was personally served upon you in the State of New York, your

answer must be served within twenty (20) days after such service, excluding the date of service.

If this Summons was not personally delivered to you within the State of New York, your answer

must be served within thirty (30) days after service of the summons is complete as provided by

law.

       If you do not serve an answer to the attached Complaint within the applicable time

limitation stated above, a judgment may be entered against you, by default, for the relief

demanded in the Complaint.

Dated: New York, New York
      July 8, 2013

PUTNEY, TWOMBLY, HALL & HIRSON LLP

By: _____
      James M. Strauss

521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Plaintiffs*

TO:    Peerless Insurance Company
        62 Maple Avenue
        Keene, New Hampshire 03431

        The Netherlands Insurance Company
        62 Maple Avenue
        Keene, New Hampshire 03431

        Excelsior Insurance Company
        62 Maple Avenue
        Keene, New Hampshire 03431

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------

METROPCS NEW YORK LLC and CHOSEN
REALTY CORP.,

               Plaintiffs,

    - against -

PEERLESS INSURANCE COMPANY, THE
NETHERLANDS INSURANCE COMPANY
and EXCELSIOR INSURANCE COMPANY,

               Defendant.

------------------------------------------------------------

Index No. 60236/13

**COMPLAINT FOR DECLARATORY
JUDGMENT**

        Plaintiffs MetroPCS New York LLC ("MetroPCS") and Chosen Realty Corp.

("Chosen Realty"), by their attorneys, Putney, Twombly, Hall & Hirson LLP, as and for their

Complaint for Declaratory Judgment against Defendants Peerless Insurance Company, The

Netherlands Insurance Company and Excelsior Insurance Company, allege upon information and

belief, as follows:

## PARTIES, JURISDICTION AND VENUE

        1.     At all times relevant hereto, Plaintiff MetroPCS was, and is, a Delaware

limited liability company authorized to do business in the State of New York, with principal

business offices located at 5 Skyline Drive, Hawthorne, New York.

        2.     At all times relevant hereto, Plaintiff Chosen Realty was, and is, a New

York Corporation authorized to do business in the State of New York, with principal business

offices located at 625 Cortland Avenue, Mamaroneck, New York.

        3.     At all times relevant hereto, Defendant Peerless Insurance Company was,

and is, an insurance company organized pursuant to the laws of the State of New Hampshire, and is duly authorized to do business and was doing business within the State of New York.

4.      At all times relevant hereto, Defendant The Netherlands Insurance Company ("Netherlands") was, and is, an insurance company organized pursuant to the laws of the State of New Hampshire, and is duly authorized to do business and was doing business within the State of New York.

5.      At all times relevant hereto, Defendant Excelsior Insurance Company ("Excelsior") was, and is, an insurance company organized pursuant to the laws of the State of New Hampshire, and is duly authorized to do business and was doing business within the State of New York.

6.      Defendants Peerless Insurance Company, Netherlands and Excelsior (collectively, "Peerless") are related to one another and/or are affiliated entities of one another.

7.      The claims asserted herein arise under the common law of the State of New York. This Court has jurisdiction over this action since Defendants regularly transact and/or conduct business in Westchester County and New York State.

8.      Venue is properly laid in the County of Westchester since both Plaintiffs maintain principal places of business in Westchester County.

## SUBSTANTIVE ALLEGATIONS

9.      On or about June 22, 2007, MetroPCS entered into a Master Construction Agreement with Jordana Development, Inc. ("Jordana").

10.      Among other things, the MetroPCS-Jordana Master Construction Agreement (the "Metro-Jordana MCA") provided Jordana with the opportunity to bid on certain

MetroPCS construction projects at "Work Sites" designated by MetroPCS.

11.     The term "Work Site" is defined in the Metro-Jordana MCA as: "the location where the Work is to be performed."

12.     The term "Work" is defined in the Metro-Jordana MCA as: "the construction services required to be provided by Contractor [i.e., Jordana] by the Contract Documents, including all labor, materials, equipment, utilities, permits, fees, taxes and other services."

13.     The term "Contract Documents" is defined in the Metro-Jordana MCA as follows: "'Contract Documents' means, and includes for any Work Site, this Agreement [i.e., the Metro-Jordana MCA] and every Purchase order, Notice to Proceed, Schedule of Values, Scope of Work, Construction Schedule, Drawings, Specifications and any Modifications."

14.     Among other things, the Metro-Jordana MCA contained an insurance procurement clause which required Jordana to maintain Commercial General Liability insurance in limits of at least $1,000,000 per occurrence.

15.     Among other things, the Metro-Jordana MCA insurance procurement clause stated as follows:

15.1    Contractor Insurance

Prior to doing any Work, Contractor and its subcontractors must procure and maintain insurance of the following types of coverage and limits of liability, at Contractor's or subcontractor's sole expense:

15.1.1  Commercial General Liability Insurance, including Independent Contractors, Contractual Liability, Personal Injury, Broad Form Property Damage, Products/Completed Operations, and associated defense costs for at least one (1) year after termination of this Agreement. This insurance coverage shall include limits of at least $1,000,000 per occurrence and $5,000,000 in the aggregate and shall name Metro, its affiliates and subsidiaries, its directors,

officers, employees, successors, assigns and, to the extent required by Metro, the owner, landlord or licensor of the Work Site, as additional insureds. . . .

16.     In addition to an insurance procurement clause, the Metro-Jordana MCA required that the insurance coverages provided by Jordana's Commercial General Liability carrier must be primary and non-contributory.  As stated in the Metro-Jordana MCA:

15.2   Primary Coverage

Except as otherwise provided herein, all insurance coverage must be primary and non-contributory, written on an occurrence basis and maintained without interruption from the date of this Agreement until the date of termination of this Agreement . . . .

17.     On or about November 12, 2007, MetroPCS entered into a Communications Site Lease Agreement with Chosen Realty (the "Metro-Chosen Agreement").

18.     In the Metro-Chosen Agreement Chosen is stated to be the owner of real estate located at 545 W. 125th Street, New York, New York.

19.     Among other things, pursuant to the Metro-Chosen Agreement Chosen granted a leasehold to MetroPCS to permit MetroPCS to construct and operate a wireless communications site at a location designated as 545 W. 125th Street, New York, New York (the "Work Site").

20.     Among other things, the Metro-Chosen Agreement contains an insurance procurement clause which required MetroPCS to maintain Commercial General Liability insurance and to name Chosen as an additional insured under MetroPCS's Commercial General Liability policy of insurance.

21.     Further to its rights under the Metro-Chosen Agreement, MetroPCS hired Jordana to work at the Work Site designated in the Metro-Chosen Agreement.

22.    Jordana's work at the Work Site was performed pursuant to the terms of the Metro-Jordana MCA.

23.    The 545 W. 125th Street, New York, New York location where Jordana performed its work for MetroPCS constituted a "Work Site" as that term is defined in the Metro-Jordana MCA.

24.    On or about April 8, 2008, the Metro-Jordana MCA was in full force and effect.

25.    On or about April 8, 2008, the Metro-Chosen Agreement was in full force and effect.

26.    On or about April 8, 2008, Jordana was insured under: (i) a commercial general liability primary policy issued by Peerless Insurance Company and/or Netherlands, Policy Number CCP 8060848, effective for the Policy period 8/12/07 to 8/12/08 (the "Peerless Primary Policy") and (ii) an umbrella policy issued by Peerless Insurance Company and/or Excelsior, Policy Number CU 8061648, effective for the Policy period 8/12/07 to 8/12/08 (the "Peerless Umbrella Policy").

27.    The Peerless Primary Policy contains an endorsement which provides as follows:

### I.    ADDITIONAL INSUREDS – BY CONTRACT, AGREEMENT OR PERMIT

Paragraph 2, under Section II – WHO IS AN INSURED is amended to include as an insured any person or organization when you and such person or organization have agreed in writing in a contract, agreement or permit that such person or organization be added as an additional insured on your policy to provide insurance such as is afforded under this

Coverage Part. Such person or organization is an additional insured only with respect to liability arising out of:

a.    Your ongoing operations performed for that person or organization

b.    Premises or facilities owned or used by you.

28.    The Peerless Umbrella Policy lists the Peerless Primary Policy on its "Schedule of Underlying Insurance."

29.    The Peerless Umbrella Policy contains an endorsement which provides as follows:

This insurance does not apply to:

b.    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

Exception:

This Contractual Liability exclusion does not apply to:

*          *          *

(2)    To the extent that valid "scheduled underlying insurance" is applicable to the "bodily injury" . . . described above or would have been applicable to such injury . . . but for the exhaustion of the limits of the "scheduled underlying insurance". The coverage provided:

(a)    Will follow the provisions, exclusions and limitations of the "scheduled underlying insurance" unless otherwise directed by this insurance . . .

30.    On or about April 8, 2008, Mr. Drew Schwartz was an employee of Jordana's working at the Work Site.

31.    On or about April 8, 2008, Mr. Drew Schwartz was injured while working

at the Work Site.

   32. In or around January, 2011, Mr. Drew Schwartz commenced a personal injury lawsuit against Chosen Realty in the Supreme Court of the State of New York, County of Bronx ("the Schwartz Lawsuit").

   33. Shortly after being named as a Defendant in the Schwartz Lawsuit Chosen Realty tendered the Schwartz Lawsuit to St. Paul Fire & Marine Insurance Company ("Travelers"), MetroPCS's commercial general liability carrier, for coverage as an additional insured under the Metro-Chosen Agreement.

   34. In a letter dated March 9, 2011, Travelers accepted Chosen Realty's tender.

   35. In or around 2011 MetroPCS was named as a co-Defendant in the Schwartz Lawsuit along with Chosen Realty.

   36. Shortly after being named as a Defendant in the Schwartz Lawsuit MetroPCS tendered the Schwartz Lawsuit to Travelers, its commercial general liability carrier, for coverage under the Travelers commercial general liability policy issued to MetroPCS.

   37. Travelers accepted MetroPCS's tender.

   38. On February 25, 2011, Travelers, on behalf of MetroPCS and Chosen Realty, sent timely notification of the incident involving Mr. Schwartz and of the Schwartz Lawsuit to Peerless, the commercial general liability and umbrella liability carrier for Jordana.

   39. Among other things, in its February 25, 2011 tender letter Travelers demanded defense and indemnification coverage for both Chosen Realty and MetroPCS as additional insureds further to Jordana's obligation to name those entities as additional insureds pursuant to the terms of the Metro-Jordana MCA.

40.     Travelers received no response to its February 25, 2011 tender letter.

41.     On May 16, 2011, Travelers again wrote a tender letter to Peerless and again demanded defense and indemnification coverage for both Chosen Realty and MetroPCS as additional insureds further to Jordana's obligation to name those entities as additional insureds pursuant to the terms of the Metro-Jordana MCA.

42.     Travelers received no response to its May 16, 2011 tender letter.

43.     On October 1, 2012, Travelers again wrote a tender letter to Peerless and again demanded defense and indemnification coverage for both Chosen Realty and MetroPCS as additional insureds further to Jordana's obligation to name those entities as additional insureds pursuant to the terms of the Metro-Jordana MCA.

44.     Travelers received no response to its October 1, 2012 tender letter.


## AS AND FOR A FIRST CAUSE OF ACTION
### (Duty To Defend MetroPCS And Reimbursement Of Defense Costs)

45.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs 1 through 44 of the Complaint, inclusive, as if fully set forth at length herein.

46.     MetroPCS qualifies as an additional insured under the Peerless Primary Policy.

47.     MetroPCS's notification of the incident involving Mr. Schwartz was timely made to Peerless.

48.     MetroPCS's tender of its defense and demand for indemnification in connection with the Schwartz Lawsuit was timely made to Peerless.

49.     Peerless's response to MetroPCS's tender was untimely and/or never

made.

50.     MetroPCS qualifies as an additional insured under the Peerless Primary Policy in connection with the claims asserted against it in the Schwartz Lawsuit.

51.     Peerless has failed to, or improperly and wrongfully has refused to, provide coverage to MetroPCS in connection with the Schwartz Lawsuit, in breach of its obligations under the Peerless Primary Policy and to the prejudice of MetroPCS.

52.     MetroPCS is entitled to a judgment declaring that it is an additional insured on the Peerless Primary Policy issued to Jordana, and further declaring that Peerless has a duty to defend MetroPCS in connection with the underlying Schwartz Lawsuit, and further declaring that the Peerless Primary Policy affords primary additional insured coverage to MetroPCS in connection with the underlying Schwartz Lawsuit, and further declaring that Peerless must provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

53.     There exists a real, actual and justiciable controversy between MetroPCS and Peerless as respects Peerless's coverage obligations to MetroPCS based on the claims asserted in the Schwartz Lawsuit.

54.     MetroPCS has no adequate remedy at law.


### AS AND FOR A SECOND CAUSE OF ACTION
**(Duty To Defend Chosen Realty And Reimbursement Of Defense Costs)**

55.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs 1 through 54 of the Complaint, inclusive, as if fully set forth at length herein.

56.     Chosen Realty qualifies as an additional insured under the Peerless Primary Policy.

57.     Chosen Realty's notification of the incident involving Mr. Schwartz was timely made to Peerless.

58.     Chosen Realty's tender of its defense and demand for indemnification in connection with the Schwartz Lawsuit was timely made to Peerless.

59.     Peerless's response to Chosen Realty's tender was untimely and/or never made.

60.     Chosen Realty qualifies as an additional insured under the Peerless Primary Policy in connection with the claims asserted against it in the Schwartz Lawsuit.

61.     Peerless has failed to, or improperly and wrongfully has refused to, provide coverage to Chosen Realty in connection with the Schwartz Lawsuit, in breach of its obligations under the Peerless Primary Policy and to the prejudice of Chosen Realty.

62.     Chosen Realty is entitled to a judgment declaring that it is an additional insured on the Peerless Primary Policy issued to Jordana, and further declaring that Peerless has a duty to defend Chosen Realty in connection with the underlying Schwartz Lawsuit, and further declaring that the Peerless Primary Policy affords primary additional insured coverage to Chosen Realty in connection with the underlying Schwartz Lawsuit, and further declaring that Peerless must provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

63.     There exists a real, actual and justiciable controversy between Chosen Realty and Peerless as respects Peerless's coverage obligations to Chosen Realty based on the claims asserted in the Schwartz Lawsuit.

64.     Chosen Realty has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Duty To Indemnify MetroPCS)

65.  Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs 1 through 64 of the Complaint, inclusive, as if fully set forth at length herein.

66.  MetroPCS qualifies as an additional insured under the Peerless Primary Policy.

67.  MetroPCS's tender of its defense and demand for indemnification in connection with the Schwartz Lawsuit was timely made to Peerless.

68.  Peerless's response to MetroPCS's tender was untimely and/or never made.

69.  The occurrence giving rise to the Schwartz Lawsuit arose, in whole or in part, by the acts or omissions of Jordana or those acting on Jordana's behalf in the performance of Jordana's operations for MetroPCS at the Work Site.

70.  MetroPCS qualifies as an additional insured under the Peerless Primary Policy in connection with the claims asserted against it in the Schwartz Lawsuit.

71.  Peerless has failed to, or improperly and wrongfully has refused to, provide coverage to MetroPCS in connection with the Schwartz Lawsuit, to the prejudice of MetroPCS.

72.  MetroPCS is entitled to a judgment declaring that it is an additional insured on the Peerless Primary Policy issued to Jordana, and further declaring that Peerless has a duty to indemnify MetroPCS in connection with the underlying Schwartz Lawsuit, and further declaring that the Peerless Primary Policy affords primary additional insured coverage to MetroPCS in connection with the underlying Schwartz Lawsuit, and further declaring that

Peerless must provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

73.     There exists a real, actual and justiciable controversy between MetroPCS and Peerless as respects Peerless's coverage obligations to MetroPCS based on the claims asserted in the Schwartz Lawsuit.

74.     MetroPCS has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Duty To Indemnify Chosen Realty)

75.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs 1 through 74 of the Complaint, inclusive, as if fully set forth at length herein.

76.     Chosen Realty qualifies as an additional insured under the Peerless Primary Policy.

77.     Chosen Realty's tender of its defense and demand for indemnification in connection with the Schwartz Lawsuit was timely made to Peerless.

78.     Peerless's response to Chosen Realty's tender was untimely and/or never made.

79.     The occurrence giving rise to the Schwartz Lawsuit arose, in whole or in part, by the acts or omissions of Jordana or those acting on Jordana's behalf in the performance of Jordana's operations for Chosen Realty at the Work Site.

80.     Chosen Realty qualifies as an additional insured under the Peerless Primary Policy in connection with the claims asserted against it in the Schwartz Lawsuit.

81.     Peerless has failed to, or improperly and wrongfully has refused to, provide coverage to Chosen Realty in connection with the Schwartz Lawsuit, to the prejudice of

Chosen Realty.

82.     Chosen Realty is entitled to a judgment declaring that it is an additional insured on the Peerless Primary Policy issued to Jordana, and further declaring that Peerless has a duty to indemnify Chosen Realty in connection with the underlying Schwartz Lawsuit, and further declaring that the Peerless Primary Policy affords primary additional insured coverage to Chosen Realty in connection with the underlying Schwartz Lawsuit, and further declaring that Peerless must provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

83.     There exists a real, actual and justiciable controversy between Chosen Realty and Peerless as respects Peerless's coverage obligations to Chosen Realty based on the claims asserted in the Schwartz Lawsuit.

84.     Chosen Realty has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Duty To Defend And Indemnify Under Peerless Umbrella Policy)

85.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs 1 through 84 of the Complaint, inclusive, as if fully set forth at length herein.

86.     Both MetroPCS and Chosen Realty qualify as an additional insureds under the Peerless Primary Policy.

87.     Both MetroPCS and Chosen Realty are entitled to be defended by Peerless under the Peerless Primary Policy for the claims asserted against them in the Schwartz Lawsuit.

88.     Both MetroPCS and Chosen Realty are entitled to be indemnified by Peerless under the Peerless Primary Policy for the claims asserted against them in the Schwartz Lawsuit.

89.     The Peerless Umbrella Policy contains an endorsement which obligates Peerless to provide defense and indemnity coverage to MetroPCS and Chosen Realty upon exhaustion of the Peerless Primary Policy.

90.     MetroPCS and Chosen Realty are entitled to a judgment declaring that they are each entitled to defense and indemnity coverage under the Peerless Umbrella Policy; that they qualify as insureds or additional insureds under the Peerless Umbrella Policy; that Peerless has a duty to defend and indemnify MetroPCS and Chosen Realty in connection with the underlying Schwartz Lawsuit if and when the Peerless Primary Policy is exhausted; that the Peerless Umbrella Policy affords primary insurance coverage to MetroPCS and Chosen Realty in connection with the underlying Schwartz Lawsuit; and that Peerless is required to provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit if and when the Peerless Primary Policy is exhausted.

91.     There exists a real, actual and justiciable controversy between MetroPCS and Chosen Realty and Peerless as respects Peerless's coverage obligations to MetroPCS and Chosen Realty under the Peerless Umbrella Policy based on the claims asserted in the Schwartz Lawsuit.

92.     Chosen Realty has no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment against Defendants that the Court:

1.     On their First Cause of Action, determine and declare that MetroPCS is an additional insured on the Peerless Primary Policy issued to Jordana, that Peerless has a duty to defend MetroPCS in connection with the underlying Schwartz Lawsuit, that the Peerless Primary Policy affords primary additional insured coverage to MetroPCS in connection with the claims raised against MetroPCS in the underlying Schwartz Lawsuit and that Peerless is required to

provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

2.    On their Second Cause of Action, determine and declare that Chosen Realty is an additional insured on the Peerless Primary Policy issued to Jordana, that Peerless has a duty to defend Chosen Realty in connection with the underlying Schwartz Lawsuit, that the Peerless Primary Policy affords primary additional insured coverage to Chosen Realty in connection with the claims raised against Chosen Realty in the underlying Schwartz Lawsuit and that Peerless must provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

3.    On their Third Cause of Action, determine and declare that MetroPCS is an additional insured on the Peerless Primary Policy issued to Jordana, that Peerless has a duty to indemnify MetroPCS in connection with the underlying Schwartz Lawsuit, that the Peerless Primary Policy affords primary additional insured coverage to MetroPCS in connection with the claims raised against MetroPCS in the underlying Schwartz Lawsuit and that Peerless is required to provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

4.    On their Fourth Cause of Action, determine and declare that Chosen Realty is an additional insured on the Peerless Primary Policy issued to Jordana, that Peerless has a duty to indemnify Chosen Realty in connection with the underlying Schwartz Lawsuit, that the Peerless Primary Policy affords primary additional insured coverage to Chosen Realty in connection with the claims raised against Chosen Realty in the underlying Schwartz Lawsuit and that Peerless is required to provide reimbursement for all fees and costs incurred in the Schwartz Lawsuit.

5.    On their Fifth Cause of Action, that MetroPCS and Chosen Realty are each entitled to defense and indemnity coverage under the Peerless Umbrella Policy, that they qualify as insureds or additional insureds under the Peerless Umbrella Policy, that Peerless has a

duty to defend and indemnify MetroPCS and Chosen Realty in connection with the underlying

Schwartz Lawsuit if and when the Peerless Primary Policy is exhausted, that the Peerless

Umbrella Policy affords primary insurance coverage to MetroPCS and Chosen Realty in

connection with the underlying Schwartz Lawsuit, and that Peerless is required to provide

reimbursement for all fees and costs incurred in the Schwartz Lawsuit if and when the Peerless

Primary Policy is exhausted; and

      6.    Grant such other and further relief as it may deem just, proper, and

equitable, including interest, cost and attorneys' fees.

Dated: New York, New York
      July 8, 2013

                    PUTNEY TWOMBLY HALL & HIRSON LLP

                    By _____
                            James M. Strauss

                    Thomas A. Martin
                    James M. Strauss
                    521 Fifth Avenue
                    New York, New York 10175
                    Telephone:212-682-0020
                    Telefax: 212-682-9380

                    *Attorneys for Plaintiffs*